# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**TREY J. CHANDLER**                                                                                   **PLAINTIFF**

**V.**                              **NO. 4:19CV00348 LPR-JTR**

**ANDREW SAUL,**
**Commissioner of Social Security Administration[1]**                           **DEFENDANT**

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## I. Introduction:

Plaintiff, Trey J. Chandler ("Chandler"), applied for disability benefits on April 3, 2017, alleging disability beginning on March 3, 2017. (Tr. at 18). After conducting a hearing, the Administrative Law Judge ("ALJ") denied his application. (Tr. at 30). The Appeals Council denied Chandler's request for review. (Tr. at 1).

---

[1] On June 6, 2019, the United States Senate confirmed Mr. Saul's nomination to lead the Social Security Administration. Pursuant to Fed. R. Civ. P. 25(d), Mr. Saul is automatically substituted as the Defendant.

Thus, the ALJ's decision now stands as the final decision of the Commissioner. Chandler has filed a Complaint seeking judicial review from this Court.

For the reasons stated below, the Court concludes that the Commissioner's decision should be affirmed.

## II. The Commissioner's Decision:

The ALJ found that Chandler had not engaged in substantial gainful activity since his alleged onset date of March 3, 2017. (Tr. at 21). At Step Two, the ALJ found that Chandler had the following severe impairments: degenerative disc disease, borderline personality disorder, borderline intellectual functioning, and anxiety disorder. *Id*.

After finding that Chandler's impairments did not meet or equal a listed impairment (Tr. at 21), the ALJ determined that Chandler had the residual functional capacity ("RFC") to perform work at the medium exertional level, except that: (1) the work must be limited to simple, routine, and repetitive tasks involving only simple work-related decisions; and (2) there must be few workplace changes and no more than incidental contact with coworkers, supervisors, and the general public. (Tr. at 23).

After finding that Chandler was unable to perform any of his past relevant work (Tr. at 28), the ALJ relied on the testimony of a Vocational Expert ("VE") to find that, based on Chandler's age, education, work experience and RFC, jobs

existed in significant numbers in the national economy that he could perform, including work as a circuit board assembler, an addresser, and a toy stuffer. (Tr. at 29). Thus, the ALJ concluded that Chandler was not disabled. *Id.*

## III. Discussion:

### A. Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). The Eighth Circuit has explained the meaning of "substantial evidence on the record as a whole" in the following terms:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*,

784 F.3d at 477.

B.  Chandler's Arguments on Appeal

Chandler contends that substantial evidence does not support the ALJ's decision to deny benefits. He argues that the ALJ erred by not conducting a PRT analysis of mental impairments and that the RFC did not incorporate all of Chandler's limitations. After reviewing the record as a whole, the Court concludes that Chandler's arguments are without merit.

Chandler sought treatment for mental impairments. He engaged in outpatient counseling from 2016 through 2018. (Tr. at 26, 852-1097). In May 2016, a clinic note stated that his depression was stable. (Tr. at 665). Chandler said he was not taking psychiatric medications, as of November 2016, but he also said that counseling had helped in the past. (Tr. at 840). Chandler was noted to be open and engaged with his counselor in September 2017. (Tr. at 852). Chandler had appropriate mood and affect in May 2016, September 2016, January 2017, August 2017, and January 2018. (Tr. at 430, 531, 759, 1081). On August 11, 2017, Chandler had no thoughts of self-harm, normal flow of thought, normal thought processes, and no impairment in memory, insight, or judgment. (Tr. at 856). In February 2018, Chandler was attending church and reported that he had hobbies. (Tr. at 901).

Chandler was treated for seven days in Turning Point inpatient psychiatric

hospital in July 2018 (Tr. at 26). In September 2018, Chandler underwent a consultative psychiatric examination which resulted in the following findings: he was able to carry out simple and, sometimes, complex tasks (Tr. at 1245); he was not impaired in his ability to cope with typical work demands (*Id*.); and he had normal and stable mood and good rapport, with no impairment in communication or concentration (*Id*.).

On September 26, 2017, Chandler underwent another psychological screening. (Tr. at 884). The psychological examiner found that he would have difficulty with a job requiring rapid production, and would need limited variation from his routine with limited social interaction. (Tr. at 888). He also should avoid high stress work environments. *Id*. Thus, the outcome of the examinations and screening, performed in September of 2018 and September of 2017 are consistent with Chandler's assigned RFC for unskilled work.

Chandler asserts that the ALJ erred by not conducting a Psychiatric Review Technique ("PRT"). The PRT rates a claimant's degree of functional mental limitation in four broad areas: understanding, remembering, and applying information; interaction with others; concentrating, and persisting and maintaining pace; and adapting or managing oneself. 20 C.F.R. § 404.1520a. The standardized PRT form is now used only at the initial and reconsideration levels. At the level of

5

an administrative hearing, the ALJ's decision documents and applies the results of the PRT in the decision itself. *Id.* If a psychological examiner completed a form before the hearing and the ALJ discusses the technique within the decision, the ALJ has met the requirement for assessment of mental impairments. *Id.*; *Montgomery v. Shalala*, 30 F.3d 98, 100 (8th Cir. 1994).

In this case, two reviewing psychologists each completed a PRT, on June 11, 2017 and October 5, 2017. (Tr. at 120, 149). In his decision, the ALJ discussed those findings and assessed the areas noted in the PRT, and incorporated the PRT findings in determining that Chandler's RFC allowed him to perform unskilled work. Thus, the ALJ properly discharged his duty with respect to the PRT and corresponding analysis of psychiatric conditions.[2]

Chandler contends that the ALJ did not consider and incorporate all of his limitations in determining that he had the RFC for medium work. However, the MRI of Chandler's lumbar and thoracic spine revealed only mild-to-moderate conditions,

---

[2] Chandler also argues that the ALJ should have found Bipolar Disorder, PTSD, and Intermittent Explosive Disorder to be severe impairments. While the record contained diagnoses of those disorders, a diagnosis alone does not infer disability; there must be a functional loss establishing the inability to engage in substantial gainful activity. *See Trenary v. Bowen*, 898 F.2d 1361, 1364 (8th Cir. 1990). Once the ALJ proceeds past Step Two, the labeling of an impairment as severe or non-severe has no legal significance; the medical record as whole is the basis for the determinations at Steps Three and Four. See 20 C.F.R. §§ 404.1545(e), 416.945(e); Social Security Ruling 96-8p, 1996 WL 374184 (the ALJ will consider all medically determinable impairments, even those that are non-severe, when assessing residual functional capacity).

which were accounted for by the ALJ limiting him to unskilled medium work. (Tr. at 448, 1106). Objective tests, which show mild-to-moderate conditions, do not support a finding of disability. *Masterson v. Barnhart*, 363 F.3d 731, 738-39 (8th Cir. 2004).

Chandler regularly was evaluated as having normal gait and normal tandem walk. (Tr. at 430, 537, 567, 682). He said pain was better with medication, and he was able to perform activities of daily living. (Tr. at 463, 466, 514). Inconsistencies between subjective complaints of pain and daily living patterns diminish credibility. *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995). After undergoing medial branch blocks, "post-op pain relief was significant." (Tr. at 495). Impairments that are controllable or amenable to treatment do not support a finding of total disability. *Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000). Chandler was also able to work during the relevant time-period. (Tr. at 829). His doctors encouraged him to exercise and lose weight. (Tr. at 488, 1280). A physician's recommendation to exercise suggests that a claimant has an increased functional capacity. *See Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir. 2009). Finally, the medical consultative examiner found that Chandler was capable of medium work. (Tr. at 1230-1235). Thus, the RFC incorporated all of the credible and medically-supported limitations.

## IV. Conclusion:

There is substantial evidence to support the Commissioner's decision that Chandler was not disabled. The PRT was conducted as required and the RFC incorporated all of Chandler's limitations.

IT IS THEREFORE RECOMMENDED that the Commissioner's decision be AFFIRMED and that the case be DISMISSED, with prejudice.

DATED this 19th day of March, 2020.

_____
UNITED STATES MAGISTRATE JUDGE